BLUM et al. v. JUNG et al.

(Supreme Court, General Term, First Department. November 16, 1894.)

ATTACHMENT—AFFIDAVIT.

An affidavit which states that plaintiffs sold goods to defendants at prices agreed on, that defendants made payments on account thereof, and that there remains due and owing a certain sum, but which does not state the amount of the sale and the amount of the payments, does not show a cause of action.

Appeal from special term, New York county.

Action by Alfred Blum and Lucas Toch against Philip A. Jung ("Philip" fictitious; real Christian name of the defendant unknown to plaintiffs), Alexander Miller, and Isidor Green ("Isidor" fictitious; real Christian name of defendant unknown to plaintiffs), —said defendants being copartners carrying on business under the firm name and style of American Saloon & Fixture Company,— to recover the price of goods sold and delivered. From an order denying a motion to vacate an attachment, the National Bank of Illinois, which acquired a lien on the goods attached subsequent to the attachment, appeals. Reversed.

The affidavit on which the attachment was granted is as follows:

Alfred Blum, of the said city, being duly sworn, says: (1) That the plaintiffs above named, Alfred Blum and Lucas Toch, are copartners, and are entitled to recover from the defendants above named, who are copartners carrying on business as American Saloon & Fixture Company, the sum of twenty-two hundred and twelve 62-100 dollars, over and above all counter-

claims known to deponent, one of the plaintiffs, and known to the plaintiffs, upon one of the causes of action mentioned in section 635 of the Code of Civil Procedure, and particularly set forth in subdivision 2 of this affidavit. (2) That heretofore the plaintiffs sold and delivered to the defendants, at their special instance and request, goods, wares, and merchandise at prices agreed upon. That the defendants have made payments to the plaintiffs for and on account of such merchandise, and that there remains due and owing to plaintiffs from said defendants the said sum of twenty-two hundred and twelve and 62-100 dollars ($2,212.62). (3) That the defendants above named are natural persons, adults, and are nonresidents of the state of New York, but are residents of Chicago, in the state of Illinois, and have property within this state subject to levy and sale; that the sources of deponent's knowledge and the ground of his belief is derived from correspondence had with the defendants, the letter head of defendants' firm, and conversations had with one of the defendants, in which was stated that the defendants resided in Chicago, Illinois. (4) That the plaintiffs are about to commence an action against the defendants for the cause above stated, by issuing the summons hereto annexed, and no previous application for an attachment has been made herein.

Argued before VAN BRUNT, P. J., and O'BRIEN and PARKER, JJ.

A. Blumenstiel, for appellants.
G. W. Galinger, for respondents.

PER CURIAM. The affidavit on which the attachment was granted was defective, in that it did not state facts sufficient to constitute a cause of action. The order should be reversed, with $10 costs and printing disbursements, and the motion granted, with $10 costs.